UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREGORY M. ACKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-281-TWP-DML |
| ) | |
| INDIANA DEMOCRATIC PTY, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion to Dismiss and Order Dismissing Action**

**I.**

Gregory Ackers brings this action against the Indiana Democratic Party alleging that the defendant engaged in the registration of false and/or unqualified persons onto a presidential primary petition for Barack Obama during the 2008 presidential election. Based on these allegations, Ackers asserts claims for Voter Registration Fraud and Conspiracy Against Rights. The defendant moves to dismiss.

To survive a motion to dismiss, the complaint must contain sufficient factual allegations which, accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012). Thus, a plaintiff "to survive dismissal 'must plead some facts that suggest a right to relief that is beyond the "speculative level."' *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir.

2009). To meet this plausibility standard, the complaint must supply enough facts to establish a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Indep. Trust Corp.*, 665 F.3d at 935. Moreover, a plaintiff can plead itself out of court by pleading facts that show it has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Among other things, the defendants argue that Ackers' allegations are insufficient to state a claim. As to the Voter Registration Fraud claim, Ackers alleges: "Dfdt has utilized this illegal method by placing signatures manufactured &, or uncertified onto a Presdtl primary petition. This technique of VOTER REG. FRAUD violated 42 U.S.C. 1973i(c)." Merely stating the elements of a claim without providing factual support for that claim is insufficient to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

As to the Conspiracy Against Rights claim, Ackers alleges:

> In accordance with 18 USC 241, which has been abrogated by dfdt, pltfs maintain that "2 or more persons conspired to injure, oppress, threaten or intimidate their free exercise of any rights secured by the constitution or laws of the United States." The U.S. constitution avows the right of all "qualified citizens" to vote. The right of all "qualified persons to vote" is guaranteed by the EQUAL PROTECTION CLAUSE, an element of the 14th amendment to the U.S. const. This right precludes the method of adding names of non-consenting persons to a Presdtl primary petition.

18 U.S.C. § 241 does not create a private right of action. *See Sayles v. Indiana Dept. of Corr.*, 2012 WL 1430720 (N.D.Ind. Apr. 20, 2012). Accordingly, Acker's claim under this statute does not support a plausible claim for relief.

Because Acker's complaint does not state a plausible claim for relief, the defendant's motion to dismiss [Dkt. 11] is **granted**.

**II.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/29/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory M. Ackers
2405B Ventura Dr.
Austin, TX 78741

All Electronically Registered Counsel